IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-550-FL

| | | |
|---|---|---|
| GEORGE SLOCUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ZEN REALTY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (DE 16). The motion has been been briefed fully and the issues raised are ripe for ruling. For the following reasons, the motion is granted.

### STATEMENT OF THE CASE

Plaintiff commenced this breach of contract action pro se October 4, 2023, and filed the operative amended complaint October 20, 2023, claiming defendant did not properly handle or credit plaintiff's payments in connection with a residential lease. (Am. Compl. (DE 5) at 2; see also Compl. Ex. 4 (DE 1-4) at 1). Plaintiff seeks relief as follows: 1) "For all the title, rights and equity owed to [plaintiff] to be applied to the principals [sic] balance to the principals [sic] account each and every billing cycle," and 2) "$1,000,000 per day of the civil penalty or breach (Federal Reserve Section 29)." (Am. Compl. (DE 5) at 3).

Defendant filed the instant motion to dismiss plaintiff's action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff filed a response in opposition.

**STATEMENT OF FACTS**

Where plaintiff's complaint is not a model of clarity, the court reproduces the factual allegations in the complaint verbatim as follows without alteration from the original:

> The acts complained of in this suit concern:
> The Federal reserve act Section 16 1-2 state that Federal reserve notes to be issued at the discretion of the board of governors (Slocum, George) of the federal reserve system for the purpose of making advances (prepayment) to the federal reserve banks (GEORGE SLOCUM) through the federal reserve agent. The notes shall be the obligation of the United States and be receivable by all federal reserve banks for public dues. (rent is a public due.) It also states any federal reserve bank may make application (negotiable instrument) for such amount of the federal reserve notes provided as it may require. Such application (shall) be accompanied with a tender in amount equal to the sum of the federal reserve note thus applied for and issued pursuant to such application. The collateral security (negotiable instrument) offered are fully guaranteed to the principal.
> I've sent my tender to Zen Realty on three occasions, first titled credit claim, five days later titled opportunity to cure, five days later default judgement. I also certified mailed it. I also certified mail the federal reserve section 16 1-2 and a power of attorney. And the lease.
> NC Statute 42-50 states my deposit (negotiable instrument) is held in a trust account which should be used solely for rent. The bill of exchange act also states that bills are to be paid from interest. According to 12 USC 1431, the powers and duties of the banks are to pay interest.

(Am. Compl. (DE 5) at 2-3).

2

Plaintiff's original complaint asserted allegations of a similar nature, and additionally relied upon multiple documents: 1) a certified mail receipts; 2) a copy of a portion of Federal Reserve Act Section 16; 3) correspondence between plaintiff and defendant signed: "BY: Slocum George\Agent FOR GEORGE SLOCUM\PRINCIPAL Without Recourse A.R.R." (DE 1-3; 1-8; 1-12); 4) residential rental contract between plaintiff (as "Tenant"), ChengFeng Niam (as "Landlord") and defendant (as "Real Estate Management Firm" and "Agent"), amendment to the same, and duplicate copies of the same (DE 1-4; 1-5; 1-9; 1-10; 1-13; 1-14); 5) a "durable power of attorney" (DE 1-6); and 6) electronic mail and text correspondence between plaintiff and defendant.

## COURT'S DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).[1] Under this standard, "[the] court accepts all well-pled facts as true and construes these facts in the

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

light most favorable to the plaintiff," but does not consider "bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.   Analysis

Defendant argues that the court lacks subject matter jurisdiction over plaintiff's complaint because the complaint establishes a lack of diversity of citizenship and because a federal question does not appear on the face of the complaint. Defendant also argues in the alternative that plaintiff does not allege sufficient facts to state a claim upon which relief can be granted. The court agrees dismissal is required for lack of subject matter jurisdiction, and thus does not reach defendant's alternative argument.

"The Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008). "[W]hen the inquiry involves the jurisdiction of a federal court,—the presumption in every stage of a cause being that it is without the jurisdiction of a court of the United States, unless the contrary appears from the record." Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327, 337 (1895)

"Furthermore, the complaint must state on its face the grounds for its jurisdiction." Bowman, 388 F.2d at 760. "These rules are applicable to diversity as well as to the 'Federal question' jurisdiction of the District Courts." Id. "The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001).

"Pro se complaints are to be read liberally." White v. White, 886 F.2d 721, 724 (4th Cir. 1989). "However, liberal construction does not require [the court] to attempt to discern the unexpressed intent of the plaintiff, but only to determine the actual meaning of the words used in the complaint." Williams v. Ozmint, 716 F.3d 801, 805 (4th Cir. 2013). Liberal construction also "does not undermine the requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

Here, diversity jurisdiction is lacking because the parties are both alleged to be citizens of North Carolina. (See Am. Compl. p. 1); Bowman, 388 F.2d at 760. Federal question jurisdiction also is lacking because plaintiff has not asserted a cause of action based upon violation of federal law. Rather, plaintiff asserts jurisdiction on the basis of breach of contract, and the complaint does not assert a federal cause of action.

Plaintiff nonetheless suggests that he is seeking relief based upon the "Federal Reserve Act Section 16 1-2," and statutes and regulations governing the "federal reserve system for the purpose of making advances (prepayment) to the federal reserve banks (GEORGE SLOCUM) through the federal reserve agent[.]" (Am. Comp. p. 2) (internal parentheses and capitalization in original). Plaintiff also references 12 U.S.C. § 1431, as pertaining to the "powers and duties of the banks" to pay interest. (Id. p. 3). Plaintiff repeats these references in opposition to defendant's motion to dismiss, along with the assertion that 15 U.S.C. § 1615 requires unearned interest "shall be charged back to the consumer." (Pl's Resp. (DE 19) at 1).

None of plaintiff's references to the statutes and regulations governing the Federal Reserve and banks, however, create a private cause of action arising under federal law. See, e.g., 12 U.S.C. §§ 411-412 (governing the issuance and redemption of Federal Reserve notes and the process by which a Federal Reserve bank may apply for such Federal Reserve notes); 12 U.S.C. § 1431

5

(defining powers and duties of banks). The mere reference to a federal statute in this manner does not confer federal question jurisdiction. See Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001) "Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."); Goldsmith v. Mayor & City Council of Baltimore, 845 F.2d 61, 64 (4th Cir. 1988) ("The mere existence of a disputed issue of federal law does not confer federal question jurisdiction."). In addition, plaintiff's reference to 15 U.S.C. § 1615 in his response to the instant motion is inapposite, where plaintiff does not allege in the complaint a "consumer credit transaction" with defendant. See 15 U.S.C. § 1615(a)(1).

In sum, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction, and such dismissal is required to be "without prejudice." Goldsmith, 845 F.2d at 65.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 16) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of February, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge